RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 4/5/12

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
### MONROE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | Cr. A. No. 05-30012 |
| VERSUS | JUDGE ROBERT G. JAMES |
| ANTHONY D. DADE | MAG. JUDGE KAREN L. HAYES |

## MEMORANDUM ORDER

Pending before the Court is a Motion to Run All Sentences Concurrent [Doc. No. 61] filed by Defendant Anthony Dade ("Dade"), *pro se*. Dade argues that the Court should amend his federal sentence to order it to run concurrently with the state sentence he is now serving.

The Court originally sentenced Dade on November 7, 2005, to a term of imprisonment of 70 months for committing the offense of distribution of crack cocaine. On March 25, 2008, Dade's term of imprisonment was reduced to 57 months, pursuant to 18 U.S.C. § 3582(c)(2). On October 10, 2008, Dade commenced service of supervised release. While on supervised release, on December 13, 2010, Dade committed the new offense of distribution of marijuana. Accordingly, after a hearing held on April 4, 2011, during which Dade admitted that he committed the new offense, the Court sentenced him to a term of imprisonment of fifteen (15) months. The Court did not state in its Judgment that this sentence was to run concurrently with any sentence imposed in state court. Accordingly, the sentence is to run consecutively to his state sentence on the offense of distribution of marijuana.

Pursuant to Federal Rule of Criminal Procedure 35(a), a court may correct a sentence that was imposed as a result of arithmetical, technical, or other clear error within fourteen days of the date a

defendant was sentenced. Fed. R. Crim. P. 35(a), (c). This fourteen-day time limit is jurisdictional. See United States v. Bridges, 116 F.3d 1110, 1112 (5th Cir. 1997); United States v. Lopez, 26 F.3d 512, 518-520 (5th Cir. 1994). Here, more than fourteen days have passed since sentence was imposed, and Dade does not contend that there was an arithmetical, technical, or other clear error. Thus, Rule 35(a) does not apply.[1]

Likewise, Federal Rule of Criminal Procedure 36, which provides a method to correct clerical mistakes in judgments, orders or other parts of the record at any time, does not apply.

A district court's authority to amend a sentence is limited by 18 U.S.C. § 3582. Under § 3582, the Court may not modify a term of imprisonment once it has been imposed unless expressly permitted by statute or by Rule 35. 18 U.S.C. § 3582(c)(1)(B). As set forth above, Rule 35 does not apply, and Dade offers no reasons for modification which would permit the Court to amend his sentence under § 3582. Thus, for these reasons,

IT IS ORDERED that Dade's Motion to Run All Sentences Concurrently [Doc. No. 61] is DENIED.

MONROE, LOUISIANA this 4 day of April, 2012.

_____
ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE

---

[1] The Government could also move under Rule 35(b) for the Court to reduce a defendant's sentence because of his substantial assistance to the Government. However, no such motion has been filed.

2